UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| | ) Case No. |
| v. | ) ) |
| CITY OF ST. PETERS, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

The United States of America alleges as follows:

### Jurisdiction

1. This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, ("the Fair Housing Act"), 42 U.S.C. §§ 3601 *et seq.*, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq.*, and the regulations implementing Title II, 28 C.F.R. Part 35.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. § 3614(a) and (b), and 42 U.S.C. § 12133. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims alleged herein occurred in the Eastern District of Missouri and because the Defendant and the property at issue in this action are located there.

**The Defendant**

4. Defendant City of St. Peters ("City") is a unit of government organized under the laws of the State of Missouri. The City includes its employees, agents, boards, and commissions, including the Board of Adjustment, the Board of Aldermen, and the Planning and Zoning Commission.

5. The City, through its Board of Alderman, enacts its own zoning ordinances. The City's zoning regulations are set forth in the St. Peters City Code.

6. The St. Peters Board of Adjustment ("the Board") acts on zoning variance petitions pursuant to Missouri Revised Statutes § 89.090 and St. Peters City Code § 405.800. The members of the Board of Adjustment are appointive officers of the City pursuant to Missouri Revised Statutes § 89.080 and St. Peters City Code § 405.875.  City Code § 405.805 specifies the questions the Board of Adjustment may consider when reviewing a variance petition, including the hardship that would be suffered by the petitioner as a result of the variance denial.

7. Until July 2013, St. Peters City Code §§ 405.130(B)(3), 405.140(B)(3), 405.150(B)(3), and 405.160(B)(3) stated that, "[n]o group home shall be located within two thousand five hundred (2,500) feet of another group home. The exterior appearance of the home and property shall be in reasonable conformance with the general neighborhood standards. Group homes shall be eleemosynary or not-for-profit in nature." These provisions of the Code governed Residential Districts R-1, R-1(A), R-2, R-3(A), and R-3(B), respectively. The City imposed the 2,500 foot spacing requirements on housing for people with disabilities and not on housing for people without disabilities.

8. Until July 2013, the City Code did not include a policy or procedure concerning reasonable accommodations or modifications in rules, policies, practices, or services that may be necessary to afford persons equal opportunities to use and enjoy dwellings or participate equally in the benefits of the services, programs, or activities of a public entity.

**Factual Allegations**

9. Julie Ann McNames is a resident of St. Peters, MO.

10. Community Living Inc. ("CLI") is a not-for-profit organization that provides programs and services for people with disabilities in St. Charles County. Among its many services, CLI provides 24-hour residential support to group homes that house persons with disabilities.

11. Ms. McNames, who has a developmental disability, has lived in a CLI-operated group home in St. Peters since 1995. Ms. McNames currently lives in a home with three other female housemates, Mary Margaret Wolf, Rosemary Camman, and Bertha Bote (collectively "the group home residents"). The group home residents have lived together as a family since 2001.

12. In 2010, CLI determined that the group home residents' current home no longer suited its clients' needs. CLI partnered with Mitch Hoffman, a property developer, and Mr. Hoffman searched for a suitable home. After over a year's search, Mr. Hoffman found 39 Janis Ann Drive, St. Peters, MO ("the subject property"), a four-bedroom, single-story home, and he made plans to purchase it with the intent to rent it to CLI as a new home for the group home residents.

13. Before purchasing the subject property, Mr. Hoffman asked the City's Planning Coordinator about the procedural requirements for obtaining an occupancy permit for a group home. The Planning Coordinator informed Mr. Hoffman that before applying for an occupancy permit, he was required to research whether any other group homes were within 2,500 feet of the subject property.

14. Mr. Hoffman researched the location of other group homes and did not identify other group homes that were located within 2,500 feet of the subject property.

15. Mr. Hoffman purchased the subject property and spent significant funds on renovations to the floors, bathrooms, doorways, and kitchen in order to make the home accessible to persons with disabilities.

16. In or about May 2011, CLI informed the group home residents that they would be moving to a new home. Around that time, CLI staff members began packing the group home residents' belongings. CLI also notified the owner of the group home residents' current home that it would not be renewing its lease agreement.

17. In or about June 2011, when renovations to the subject property were almost complete, Mr. Hoffman submitted his application for an occupancy permit for the home. At that time, he informed the City that he was unable to locate any other group homes within 2,500 feet of the subject property.

18. At the time that Mr. Hoffman submitted his occupancy permit application, the City recently had received a citizen complaint about a group home located within 2,500 feet of the subject property, at 7 South Joyce Ellen Way. The City's Planning Coordinator informed Mr.

Hoffman that he or CLI would need to apply for a zoning variance from the 2,500-foot group home spacing requirement because of the subject property's proximity to the other group home.

19. CLI filed a variance petition on June 27, 2011, and paid the $100 required administrative fee.

20. On July 15, 2011, in advance of the Board of Adjustment meeting to decide the variance petition, the City's Planning Department issued a memorandum recommending that CLI's variance petition be denied because the 2,500-foot group home spacing requirement was deemed "reasonable to preserve the character of the neighborhood…"

21. On July 20, 2011, the Board of Adjustment met to vote on the variance petition.

22. Community members attended the July 20, 2011, meeting and spoke out in opposition to the variance petition. Community members expressed their belief that CLI's plans to operate a group home at the subject property would negatively impact the neighborhood.

23. According to the meeting minutes for the July 20, 2011, meeting, the Board of Adjustment noted that the group home spacing requirement, City Code 405.130(B), was approved by the Board of Alderman "to ensure that the character of residential neighborhoods is maintained."

24. According to the meeting minutes for the July 20, 2011, meeting, the Board of Adjustment found that the exteriors of both the subject property and the existing group home that was located within 2,500 feet, at 7 South Joyce Ellen Way, were "generally the same as when they were used as single-family residences."

25. The Board of Adjustment's Conclusions of Law were that granting the variance would have: 1) impaired the supply of light or air to the adjacent properties; 2) increased

congestion in the public streets; 3) impacted the safety of the community; and 4) impacted the general health and welfare of the community.

26. Based on the Board of Adjustment's Conclusions of Law, the variance was denied.

27. The Board of Adjustment presented no evidence, study, or statistic to support any of its Conclusions of Law. The Board of Adjustment also did not consider the impact of its decision on CLI, Mitch Hoffman, and/or the group home residents.

28. On July 28, 2011, the City's Planning Coordinator sent a written denial of the variance petition to CLI.

29. After the variance petition was denied, CLI informed the group home residents that they would no longer be moving to the subject property. CLI extended its lease with the owner of the group home residents' current home.

30. Approximately three months after the variance petition was denied, Mr. Hoffman sold the subject property at a monetary loss.

31. After CLI's variance petition was denied, City officials engaged in public discussions about the regulation of group homes. During these discussions, City officials made discriminatory statements against persons with disabilities.

32. On November 30, 2011, Ms. McNames, through her legal guardian, filed a complaint with the United States Department of Housing and Urban Development ("HUD"), pursuant to 42 U.S.C. § 3610(a), alleging discrimination on the basis of disability.

33. On or about June 14, 2012, HUD referred the complaint to the Department of Justice pursuant to 42 U.S.C. § 3610(g)(2)(C).

## Claims for Relief
## Count I: The Fair Housing Act

34. The allegations in paragraphs 1-33 are incorporated herein by reference.

35. The subject property located at 39 Janis Ann Drive, St. Peters, MO, is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and the prospective residents of the home are persons who are "handicapped" within the meaning of 42 U.S.C. § 3602(h).

36. Through the actions described above, the Defendant has:

   a. Made housing unavailable on the basis of disability in violation of 42 U.S.C. § 3604(f)(1);

   b. Imposed different terms, conditions, or privileges in housing on the basis of disability in violation of 42 U.S.C. § 3604(f)(2);

   c. Failed or refused to make reasonable accommodations in rules, policies, practices, or services when such accommodations may have been necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B); and

   d. interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged persons with disabilities in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

37. Defendant's actions described above:

    a. constitute a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act or a denial of rights protected by the Fair Housing Act to a group of persons, which denial raises an issue of general public importance in violation of 42 U.S.C. § 3614(a); and

    b. constitute discriminatory housing practices under 42 U.S.C § 3614(b)(1).

38. Defendant acted intentionally, willfully, and in disregard for the rights of others.

39. There are persons who have been injured by the Defendant's discriminatory actions and practices who are "aggrieved persons" as defined in 42 U.S.C. §§ 3602(i), and have suffered damages as a result of the Defendant's conduct.

### Count II: The Americans with Disabilities Act

40. The allegations in paragraphs 1-33 are incorporated herein by reference.

41. The United States Department of Justice has notified the Defendant in writing that based on its investigation, it had determined that enforcement action was warranted because of violations of the ADA. All conditions precedent to the filing of this Complaint have occurred or been performed.

42. The United States is the federal agency responsible for administering and enforcing Title II of the ADA, 42 U.S.C. § 12131 *et seq*., and 28 C.F.R. Part 35, subpart F, and is authorized to bring this action under 42 U.S.C. §§ 2000e-5(f)(1) and 12133.

43. The residents of CLI's home are "qualified individuals with disabilities" within the meaning of the ADA, 42 U.S.C. §§ 12102(1) and 12131(2) and 28 C.F.R.§ 35.104.

8

44. Defendant is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1).

45. Defendant's actions described above:

    a. excluded individuals with disabilities from participation in and denied them the benefits of the services, programs or activities of a public entity, in violation of Title II of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130; and

    b. failed to make reasonable modification in policies to avoid discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

46. Defendant acted intentionally, willfully, and in disregard for the rights of others.

47. Persons who have been subjected to the Defendant's conduct have suffered and will continue to suffer irreparable harm in the absence of relief.

**WHEREFORE**, the United States prays that the Court enter an ORDER:

    a. Declaring that the actions of the Defendant described above constitute violations of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*;

    b. Enjoining the Defendant, its officers, employees, agents, successors, and all other persons in active concert or participation with it, from discriminating on the basis of disability in violation of the Fair Housing Act and the Americans with Disabilities Act;

    d. Enjoining the Defendant, its officers, employees, agents, successors, and all other persons in active concert or participation with it, from failing to make reasonable

accommodations in its policies, practices, rules, or services, as required by the Fair Housing Act and the Americans with Disabilities Act, including accommodations that permit the establishment and operation of housing for persons with disabilities.

  e.  Ordering the Defendant to take all affirmative steps to ensure compliance with the Fair Housing Act and Americans with Disabilities Act, including steps necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of its unlawful housing practices as described herein;

  f.  Awarding monetary damages, pursuant to the Fair Housing Act, 42 U.S.C. § 3614(d)(1)(B), and the ADA, 42 U.S.C. § 12131 *et seq*., to all persons harmed by the Defendant's discriminatory practices; and

  g.  Assessing a civil penalty against the Defendant in an amount authorized by 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

Dated: August 1, 2013                                              Respectfully submitted,

                                                              ERIC H. HOLDER, JR.
                                                              Attorney General

                                                              /s/ Jocelyn Samuels

RICHARD G. CALLAHAN                                          JOCELYN SAMUELS
United States Attorney                                              Acting Assistant Attorney General
Eastern District of Missouri                                       Civil Rights Division

 /s/ Nicholas P. Llewellyn                                         /s/ Steven H. Rosenbaum
NICHOLAS P. LLEWELLYN   MO43839           STEVEN H. ROSENBAUM
Chief, Civil Division                                                  Chief, Housing and Civil
Assistant United States Attorney                              Enforcement Section
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
Tel: (314) 539-7637                                                   /s/Neta Borshansky
Fax: (314) 539-2777                                                SAMEENA SHINA MAJEED
E-mail: Nicholas.llewellyn@usdoj.gov                   Deputy Chief
                                                              NETA BORSHANSKY
                                                             Trial Attorney
                                                             Housing and Civil Enforcement Section
                                                             Civil Rights Division
                                                            U.S. Department of Justice
                                                            950 Pennsylvania Ave., N.W
                                                            Washington, D.C. 20530
                                                           Phone:  (202) 353-0261
                                                           Fax:  (202) 514-1116
                                                           E-mail: Neta.Borshansky@usdoj.gov