UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:13CV1493CEJ |
| v. | ) |
| | ) |
| CITY OF ST. PETERS, | ) |
| | ) |
| Defendant. | ) |

**CONSENT DECREE**

1.  This action was brought by the United States of America ("United States") for enforcement of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and its implementing regulations, 28 C.F.R. Part 35 ("ADA"). In its Complaint (the "Complaint"), the United States alleges that an ordinance of Defendant, the City of St. Peters, Missouri ("the City"), violated the FHA and the ADA by imposing a 2,500-foot spacing requirement on group homes for persons with disabilities, and applying the spacing requirement to a proposed group home for four persons with disabilities. Specifically, the United States alleges that the City, through its actions: (i) violated § 3604(f)(1) of the FHA by denying or otherwise making dwellings unavailable because of disability; (ii) violated § 3604(f)(2) of the FHA by discriminating in the terms, conditions, or privileges of housing, or in the provision of services or facilities in connection with housing, because of disability; (iii) violated § 3604(f)(3)(B) of the FHA by failing or refusing to make a reasonable accommodation in rules, policies, practices, or services, when such accommodation may have been necessary to afford persons with handicaps an equal opportunity to use and enjoy a dwelling; and (iv) violated § 3617 by interfering with persons in

the exercise or enjoyment of, or on account of their having aided or encouraged persons with disabilities in the exercise or enjoyment of rights granted or protected by the FHA. The United States alleges that the City's conduct constitutes (i) a denial of rights to a group of persons that raises an issue of general public importance in violation of the FHA, 42 U.S.C. § 3614(a), or (ii) a discriminatory housing practice under 42 U.S.C. § 3614(b). The United States also alleges that the City subjected individuals with disabilities to discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132.

2.  The United States alleges that Community Living, Inc. ("CLI"), a Missouri nonprofit corporation that provides programs and services for persons with disabilities in St. Charles County, operated a group home within the City for Julie Ann McNames, Mary Margaret Wolf, Rosemary Camman, and Bertha Bote (collectively the "Group Home Residents"), all of whom have developmental disabilities. In 2011, CLI sought to relocate the Group Home Residents from an existing group home in a nearby subdivision in the City to 39 Janis Ann Drive, also within the City (the "Subject Property"). The Subject Property is located within 2,500 feet of another existing group home. Because of the Subject Property's proximity to another existing group home, City officials required CLI to obtain a variance from the City's group home spacing ordinance requiring that group homes be located at least 2,500 feet from each other. See St. Peters City Code § 405.130(B)(3). In June 2011, CLI submitted its petition requesting a variance ("Petition") from the spacing requirement. On July 20, 2011, the City's Board of Adjustment held a hearing, including testimony from representatives of CLI and community members, and denied CLI's Petition for what the United States believes are insufficient reasons. The United States further alleges in its Complaint that the City engaged in public discussions regarding the regulation of group homes, and those discussions included

statements based on stereotypes about residents with disabilities who live in group homes.

3. On November 30, 2011, Julie Ann McNames, through her legal guardian, filed a timely complaint with the U.S. Department of Housing and Urban Development ("HUD"), pursuant to 42 U.S.C. § 3610(a), against the City, alleging discrimination in housing on the basis of disability. Pursuant to 42 U.S.C. § 3610(g)(2)(C), on or about June 14, 2012, HUD referred this matter to the Attorney General for appropriate action.

4. The Subject Property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b). The prospective residents of the dwelling are persons who are "handicapped" within the meaning of 42 U.S.C. § 3602(h), and "qualified individuals with disabilities" within the meaning of 42 U.S.C. § 12102 and §12131(2) and 28 C.F.R. § 35.104.

5. The City is defined herein as its employees, boards, commissions, and members of its boards and commissions, including the Board of Adjustment, the Board of Aldermen, and the Planning and Zoning Commission.

6. The City is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1).

7. The City's Board of Adjustment acts on zoning variance petitions pursuant to Missouri Revised Statutes § 89.090 and St. Peters City Code § 405.800. The members of the Board of Adjustment are appointive officers of the City pursuant to Missouri Revised Statutes § 89.080 and St. Peters City Code § 405.875.

8. The United States Department of Justice is the federal agency responsible for administering and enforcing Title II of the ADA, 42 U.S.C. § 12131 *et seq.*

9. Under St. Peters City Code Section 405.100, a group home is defined as "[a]ny home in which eight (8) or fewer unrelated mentally or physically handicapped persons reside,

and may include two (2) additional persons acting as house parents or guardians who need not be related to each other or to any of the mentally or physically handicapped persons residing in the home."

10. Under St. Peters City Code Sections 405.130(B)(3), 405.140(B)(3), 405.150(B)(3), and 405.160(B)(3), "[n]o group home shall be located within two thousand five hundred (2,500) feet of another group home. The exterior appearance of the home and property shall be in reasonable conformance with the general neighborhood standards. Group homes shall be eleemosynary or not-for-profit in nature." These provisions of the City Code govern Residential Districts R-1, R-1(A), R-2, R-3(A), and R-3(B), respectively.

11. This Consent Decree (hereinafter "Decree") shall be effective immediately upon its entry by this Court. For purposes of this Decree, the phrase "date of this Decree" shall refer to the date on which the Court adopts this Decree as an order of the Court.

12. The City denies any violations of the FHA and ADA, and the allegations of discrimination. The City further contends that the City ordinances do not, on their face, violate the FHA or ADA, and that the application of the City ordinances to the Petition, including, specifically, the 2,500-foot spacing requirement, did not constitute a denial of reasonable accommodation under the FHA or ADA. The City maintains that the spacing requirement, consistent with Missouri law, fulfills the policies of promoting de-institutionalization of persons with disabilities and ensuring against the creation of enclaves of group homes of persons with disabilities.

13. This Decree is a compromise of disputed claims and is not to be construed as an admission of fact or liability by the City, and may not be used in any other proceeding or suit to

establish the City's liability. Moreover, this Decree does not constitute a judicial finding of any violations of law.

14. This Decree is intended to effect a comprehensive settlement of all claims related in any manner to the Complaint. To avoid protracted and costly litigation, the United States and the City have jointly agreed to the entry of this Decree to resolve the claims presented, as shown by the signatures of their representatives below. This decree resolves all claims of the Group Home Residents, Community Living, Inc., and Mitch Hoffman. The United States is not seeking monetary damages to compensate any additional aggrieved persons beyond those who are being compensated pursuant to this Decree. The City, by action of its duly elected Board of Aldermen taken on July 25, 2013, has approved the execution and delivery of this Decree, and has authorized its attorney, Wm. Randolph Weber, to execute the same on its behalf.

**ACCORDINGLY, it is hereby ADJUDGED, ORDERED, and DECREED:**

**I. GENERAL INJUNCTION**

15. The City and its departments and agencies, and their respective elected or appointed officials, officers, agents, and employees, shall not:

   a. Discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a disability of that buyer or renter, or of any person residing in or intending to reside in such dwelling, or of any person associated with that buyer or renter;

   b. Discriminate against any person in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability of that person, of any person residing in or intending to reside in such dwelling, or of any person associated with that person;

  c. Adopt, maintain, enforce, or implement any zoning or land-use laws, regulations, policies, procedures, or practices that discriminate on the basis of disability in violation of the FHA or the ADA;

  d. Refuse to make reasonable accommodations in the application of rules, policies, practices, or services when such accommodations are necessary to afford a person or persons with disabilities an equal opportunity to use and enjoy a dwelling;

  e. Refuse to permit, at the expense of a handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises; or

  f. Coerce, intimidate, threaten, interfere, or retaliate against any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the FHA or the ADA.

16. The preceding injunctions shall specifically, but not exclusively, cover:

  a. Administering, enforcing, or amending zoning ordinances of the City of St. Peters, including, but not limited to, receiving, evaluating, or deciding upon applications for building permits, occupancy permits, special exceptions, variances, or uses not provided for; and

  b. Conducting hearings, inspecting premises, issuing certificates of zoning compliance or certificates of occupancy, or reviewing any decision made by any zoning, land-use, or building official.

## II. SPECIFIC INJUNCTIVE RELIEF

17. If the City declines, rejects, or denies any type of request or application for zoning or land use relating to a dwelling occupied by, or designated or intended for occupancy by, persons with disabilities, including any request for an occupancy permit or special use permit therefor, the City shall prepare detailed written findings explaining the specific grounds for declining the request. For purposes of this provision, the failure to act on a request within a reasonable time period shall be deemed a denial. A copy of the City's written findings, including evidence relied upon to support the findings, shall be provided to the person or persons making the request within twenty (20) days of the date on which the final decision was made.

18. By August 1, 2013, the City shall amend Sections 405.130(B)(3), 405.140(B)(3), 405.150(B)(3), 405.160(B)(3) of the St. Peters City Code, which set forth a 2,500-foot spacing requirement in Residential Districts R-1, R-1(A), R-2, R-3(A), and R-3(B). Until the amendment of these provisions, the City shall not enforce these provisions of the St. Peters City Code. The ordinance provisions that replace Sections 405.130(B)(3), 405.140(B)(3), 405.150(B)(3), 405.160(B)(3) of the St. Peters City Code, shall be approved by the United States, the approval of which shall not be unreasonably withheld.

19. By August 1, 2013, the City shall propose a written policy that will provide a process by which persons may request reasonable accommodations or modifications on the basis of disability from the City's zoning and land use requirements. The written policy must be approved by the United States, the approval of which will not be unreasonably withheld. The policy shall comply with the FHA and the ADA and include the following provisions:

   a. A description of where and how the City will accept and process requests for accommodation or modification in its rules, policies, practices, or in the provision of its services;

b.  The City shall provide written notification to those requesting a reasonable accommodation or modification of the City's decision regarding the request for accommodation or modification within thirty (30) days of the receipt of the completed request; and

c.  If the City denies a request for reasonable accommodation or modification, such denial shall include an explanation of the basis for such denial in the written notification.

d.  The City shall maintain records of all oral and written requests for reasonable accommodation or modification and the City's responses thereto, as required by State law.

e.  The City shall not impose any additional fees, costs, or otherwise retaliate against any person who has exercised his or her right under the FHA or ADA to make one or more reasonable accommodation or modification requests.

### III. COMPLIANCE OFFICER

20.  Within thirty (30) days after the entry of this Decree, the City shall designate an existing City employee as the Compliance Officer. The Compliance Officer shall have the responsibility to receive complaints of alleged housing discrimination and disability discrimination against the City, serve as a resource to the City and its agencies, officers, elected and appointed officials, employees, and agents on fair housing and disability rights, and coordinate the City's compliance with this Decree.

21.  The Compliance Officer shall be designated to receive and review all complaints of housing discrimination and disability discrimination made against the City or any officer, elected or appointed official, employee, or agent of the City. If complaints are made verbally, the Compliance Officer shall make a contemporaneous written record of those complaints.

22.  Within fifteen (15) days of receiving a complaint of housing discrimination or disability discrimination, the Compliance Officer shall provide the United States with a copy of

the complaint, any documents filed with the complaint, and any written response to the complaint by the City, and shall inform the United States whether the complaint has been resolved. If the complaint has not been resolved, the Compliance Officer shall inform the United States of any efforts the City undertook or plan to undertake to resolve the complaint.

23. The Compliance Officer shall maintain copies of this Decree, the Fair Housing Policy described in part V, below, the HUD Complaint Form and HUD pamphlet entitled "Are you a victim of housing discrimination?" (HUD official forms 903 and 903.1, respectively), and the Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 Discrimination Complaint Form (OMB No. 1190-0009), and make these materials freely available to anyone, upon request, without charge, including all persons making fair housing complaints and disability discrimination complaints to the Compliance Officer.

24. During the term of this Decree, the Compliance Officer shall report to the City every three months on activities taken in compliance with this Decree.

## IV. MANDATORY TRAINING

25. Within one hundred and eighty (180) days after entry of this Decree, the City shall make available training(s) on the requirements of this Decree, the FHA (those provisions that relate to disability discrimination), and the ADA (with respect to the ADA's application to zoning). The training(s) shall be made available live or by video to all City officers, elected and appointed officials, or employees who have duties related to the planning, zoning, permitting, construction, or occupancy of residential housing, including but not limited to: all members, staff and employees of the Board of Aldermen, the Board of Adjustment, and the Planning and Zoning Commission. The training(s) shall be conducted in accordance with the following:

  a. The training(s) shall be conducted by a qualified third part(y/ies), subject to the approval of the United States. The trainer(s) shall not be connected to the City or its officers, elected or appointed officials, employees, agents, or counsel. No fewer than thirty (30) days before the date of each training under this paragraph, the City shall submit to the United States the name of the person(s) or organization(s) proposed to provide the training, together with copies of the professional qualifications of such person(s) or organization(s) and copies of all materials to be used in the training.

  b. The live training(s) shall be video recorded, and the City shall maintain copies of the written materials provided for each training. Each newly elected, appointed, or hired individual covered by this paragraph during the term of this Decree shall be afforded training within thirty (30) days after the date he or she enters office or commences service or employment, by viewing the video recording of the most recent live training and receiving copies of any written materials provided for that training.

  c. The City shall provide a copy of this Decree to each person required to receive the training(s).

  d. The City shall provide a certification for each individual scheduled to receive training confirming: i) by his or her execution, his or her attendance at the training or viewing of such training, or by execution of the trainer, the failure of the individual to attend such training; ii) the date of the training; and, iii) by his or her execution the receipt and comprehension of this Decree or, by execution of the trainer, the delivery of this Decree. The Certification of Training and Receipt of Consent Decree appears at Attachment B to this Decree. The Certification shall be completed for all persons required to receive the training. Any appointed officer of the City who has duties relating to the planning, zoning, permitting, construction, or occupancy of

residential housing who fails within such one hundred eighty (180) day time period to receive such training shall be subject to removal from his or her office in accordance with Missouri state law and City ordinances.

## V. NON-DISCRIMINATION POLICY

26. Within thirty (30) days of the date of this Decree, the City shall adopt a Non-Discrimination Policy, the text of which shall include, at a minimum, the content found in Attachment A to this Decree. The Non-Discrimination Policy shall list the name and contact information for the City's Compliance Officer designated in accordance with Part III, above. The City shall include the Non-Discrimination Policy in all literature and information or application materials provided to residential developers, group home service providers, group home operators, and/or disability rights organization. The City shall include the Non-Discrimination Policy as a readily accessible link on the City's website.

27. Within thirty (30) days of the date of this Decree, the City shall place the phrase "Equal Housing Opportunity" or the fair housing logo (as described in 24 C.F.R. § 110.25) on the City's website. The City shall place the same in all future published notices and advertisements related to housing or residential development.

## VI. REPORTING AND RECORD KEEPING

28. The City shall prepare compliance reports for the term of this Decree detailing all actions it has taken to fulfill its obligations under this Decree since the last compliance report. The City shall submit its first report to the United States within ninety (90) days after entry of this Decree, and subsequent reports every six (6) months thereafter for the duration of this Decree, except that the final report shall be delivered to the United States not less than sixty (60)

days prior to the expiration of this Decree. The City shall include in the compliance reports, at a minimum, the following information:

    a.    A summary of each zoning or land-use request or application related to group homes on which the City has made a determination, indicating: i) the date of the application; ii) the applicant's name; iii) the applicant's current street address; iv) the street address of the subject property or proposed housing; v) the City's decision(s) regarding the matter, including any decision on appeal; vi) the reasons for each decision, including a summary of the facts upon which the City relied; and vii) complete copies of any minutes or video recordings from all meetings or hearings discussing the zoning or land-use request or application;

    b.    Representative copies of the City's website, published notices, and advertisements containing the phrase "Equal Housing Opportunity" or the fair housing logo as required under paragraph 27, above;

    c.    A copy of the adopted Non-Discrimination Policy as described in paragraph 26, above;

    d.    Copies of any Certifications of Training and Receipt of Consent Decree (Attachment B) described in paragraph 25(d), above, that are completed and signed after the initial training session certificates are submitted pursuant to paragraph 29;

    e.    Copies of any materials that have been previously submitted to the United States under this Decree if such materials have been substantially altered or amended since they were last submitted to the United States;

    f.    Copies of any changes to the City's zoning or land-use laws, regulations, policies or procedures expressly relating to or affecting any housing for persons with disabilities that were enacted after the preceding compliance report was issued; and

      g.    The name, address and telephone number of the Compliance Officer described in part III, above.

29.    Within thirty (30) days after the completion of the mandatory training requirement described in section IV, above, the City shall submit all executed copies of the Certification of Training and Receipt of Consent Decree (Attachment B) described in paragraph 25(d), above.

30.    For the duration of this Decree, the City shall provide the United States with a copy of any proposed change to the City's zoning or land-use laws, regulations, policies or procedures expressly relating to housing for persons with disabilities, at least thirty (30) days prior to the adoption of the proposed change by the City.

31.    For the duration of this Decree, the City shall retain all records relating to any provision of this Decree. The United States shall have the opportunity to inspect and copy any such records after giving reasonable notice to counsel for the City.

32.    Should the identity of the Compliance Officer change during the term of this Decree, the City shall, within ten (10) days of such change, notify DOJ in writing of the name of the new Officer and his or her contact information;

## VII. MONETARY RELIEF

33.    The City shall deliver to the United States payments in the manner set forth below, aggregating Eighty Thousand and 00/100 Dollars ($80,000.00), as compensation for alleged damages. The United States has already delivered to the City signed releases in the form of Attachment C, from Julie Ann McNames, Mary Margaret Wolf, Rosemary Camman, and Bertha Bote, Community Living, Inc., and Mitch Hoffman. Within ten (10) days of the entry of this Decree, the City shall deliver to the United States, via overnight courier, four checks of $20,000 each, payable to: Midwest Special Needs Trust for the benefit of Julie Ann McNames,

Mary Margaret Wolf, Rosemary Camman, and Bertha Bote. Community Living, Inc. and Mitch Hoffman will not be receiving any payment or monetary relief.

### VIII. JURISDICTION, SCOPE, AND DURATION OF DECREE

34. The United States and the City stipulate and the Court finds that the Court has personal jurisdiction over the City for purposes of this civil action, and subject matter jurisdiction over the United States' claims in this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3614(a), 3614(b), and 12133.

35. This Decree shall remain in effect for a period of three (3) years after its entry. The Court shall retain jurisdiction over the action for the duration of such period for the purpose of enforcing its provisions and terms. The case shall be dismissed with prejudice when this Decree expires.

36. The Decree applies to the City, its employees, boards, commissions, and members of its boards and commissions, including the Board of Aldermen, the Board of Adjustment, and the Planning and Zoning Commission.

37. Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the United States and the City. The other provisions of this Decree may be modified by written agreement of the United States and the City or by motion to the Court. If the modification of a provision other than a time limit for performance is made by written agreement of the United States and the City, then such modification will be effective upon filing of the written agreement with the Court and remain in effect for the duration of this Decree or until such time as the Court indicates through written order that it has not approved the modification.

## IX. ENFORCEMENT OF THIS DECREE

38. The United States and the City shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by the City to perform in a timely manner any act required by this Decree, or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity. Remedies include, but are not limited to, findings of contempt, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees that may have been occasioned by the violation or failure to perform.

## X. COSTS AND FEES

39. Each party shall bear their own costs and fees associated with this case.

## XI. TERMINATION OF LITIGATION HOLD

40. The United States and the City agree that, as of the date of the entry of this Decree, litigation is not "reasonably foreseeable" concerning the matters described above. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed by this Decree.

IT IS SO ORDERED:

This 13th day of August, 2013

*/s/ Carol E. Jackson*
United States District Judge

The undersigned hereby consent to and apply for entry of this Decree:

**For the United States of America:**

| | |
|---|---|
| RICHARD G. CALLAHAN<br>United States Attorney<br>Eastern District of Missouri | JOCELYN SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division |
| /s/ Nicholas P. Llewellyn<br>NICHOLAS P. LLEWELLYN  MO43839<br>Chief, Civil Division<br>Assistant United States Attorney<br>111 South Tenth Street, 20th Floor<br>St. Louis, MO 63102<br>Tel: (314) 539-7637<br>Fax: (314) 539-2777<br>E-mail: Nicholas.llewellyn@usdoj.gov | /s/ Steven H. Rosenbaum<br>STEVEN H. ROSENBAUM<br>Chief, Housing and Civil Enforcement Section<br>Civil Rights Division<br><br>/s/ Neta Borshansky<br>SAMEENA SHINA MAJEED<br>Deputy Chief<br>NETA BORSHANSKY<br>Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Northwestern Building, 7th Floor<br>Washington, D.C. 20530<br>Phone: (202) 353-0261<br>Fax: (202) 514-1116<br>Neta.Borshansky@usdoj.gov |

**For the City of St. Peters:**

                                                /s/ Wm. Randolph Weber
                                                Wm. Randolph Weber
                                                Hazelwood & Weber LLC
                                                200 North Third Street
                                                Saint Charles, Missouri 63301
                                                Phone: (636) 947-4700
                                                Fax: (636) 947-1743
                                                *Special Counsel for Defendant*

## ATTACHMENT A

## NON-DISCRIMINATION POLICY

It is the policy of the City of St. Peters to comply with the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.,* by ensuring that its zoning and land use decisions do not discriminate against persons based on race, color, religion, national origin, disability, familial status or sex. It is also the policy of the City of St. Peters to comply with Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.,* and the regulations implementing Title H, 28 C.F.R. Part 35, by ensuring that its zoning and land use decisions do not discriminate against persons based on disability. This policy means that, among other things, the City and all its officials, agents and employees will not discriminate in any aspect of housing based on these protected characteristics, including by:

(a) making unavailable or denying a dwelling to any person based on a protected characteristic;

(b) discriminating against any person in the terms, conditions or privileges of a dwelling, or in the provision of services or facilities in connection therewith based on a protected characteristic;

(c) making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to a dwelling that indicates any preference, limitation, or discrimination based on a protected characteristic;

(d) representing to persons because of a protected characteristic that any dwelling is not available when such dwelling is in fact so available;

(e) interfering with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right protected by the Fair Housing Act; or

(g) discriminating in any aspect of the administration of its zoning, land use, or building ordinances, policies, practices, requirements, or processes relating to the use, construction, or occupancy of dwellings, including but not limited to group homes for persons with disabilities.

Any person who believes that any of the above policies have been violated by the City may contact:
- St. Peters' Compliance Officer, _____, at 636-477-6600, ext._____,
- the U.S. Department of Housing and Urban Development at 1-888-799-2085, or
- the U.S. Department of Justice at 1-800-896-7743.

## ATTACHMENT B

## CERTIFICATION OF TRAINING AND RECEIPT OF CONSENT DECREE

On _____ ,

    I, [name of the person required to receive training], attended training on the federal Fair Housing Act and Title II of the Americans with Disabilities Act. I have had all of my questions concerning these topics answered to my satisfaction.

    I was present at or watched a videotape of the complete training session on the federal Fair Housing Act and Title II of the Americans with Disabilities Act, provided pursuant to the Consent Decree referenced below. I have had all of my questions concerning these topics answered to my satisfaction.

    I also have been given and I have read a copy of the Consent Decree entered in United States v. City of St. Peters, Case No. _____(E.D. Mo.). I understand my legal responsibilities, and will comply with those responsibilities. I further understand that the Court may impose sanctions on the City of St. Peters if I violate any provision of the Consent Decree.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    If the Compliance Officer signs this certification, the Compliance Officer declares, that training was scheduled for the above-named person and the above-named person failed to attend and that the above-named person was sent by U.S. mail a copy of the Consent Decree referenced above. In addition, the Compliance Officer certifies by his/her signature that he has notified the City that the person named above failed to attend the training.

_____  _____
Date                          Signature of person named above or Trainer

                                                       _____
                                                     Printed Name of person signing

                                                     _____
                                                     Position with the City of St. Peters of above-named person

                                                     _____
                                                     Business Address

                                                     _____
                                                     Business Address Continued

                                                     _____
                                                     Business Telephone Number

# ATTACHMENT C

# FULL AND FINAL RELEASE OF CLAIMS

In consideration of the proposed terms of a Consent Decree to be entered in the case of *United States v. City of St. Peters*, Civil Action No. _____ (the "Complaint"), to be approved by the United States District Court for the Eastern District of Missouri, and in consideration of the payment of $ _____, I, _____ , hereby fully release, forever discharge and hold harmless the City of St. Peters, Missouri, its insurers, attorneys, departments, agencies, elected and appointed officials, officers, agents, employees, predecessors, successors and assigns, and any other persons acting under its direction or control (collectively, the "City"), from any and all liability for any claims, legal or equitable, costs, and expenses (including attorney fees under 42 U.S.C. 1988 or otherwise), I may have against the City arising out of the issues, events, or actions alleged in the Complaint. I hereby acknowledge that I have read and understand this release, and have executed it voluntarily and with full knowledge of its legal consequences. The person executing this Release represents and warrants that he, she, or it has the authority to execute this Release in the capacity stated and to bind the person named herein to the terms hereof.

Executed this _____ day of _____, 20___.


_____
[Signature]


_____
[Print Name]


_____
[Address]